IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LESLIE PAUL HOWARTH,  :
    Plaintiff  :
      v.  : Civil Action No. 05-18J
CENTRAL TAX BUREAU,  :
    Defendant  :

### Report and Recommendation

Orders and Recommendation

      Plaintiff filed a pro se complaint citing 42 U.S.C.§ 1983, 42 U.S.C.§ 1985, and the Americans with Disabilities Act, 42 U.S.C.§ 12101, et seq., against defendant, an entity located in the Stoneycreek Municipal Building at 1610 Bedford Street in Stoneycreek Township, Cambria County. Pending are defendant's motion to dismiss, docket no. 2, plaintiff's motion for a jury trial, docket no. 4, plaintiff's motion for a default judgment, docket no. 5, and plaintiff's motions for leave to proceed in forma pauperis, docket no. 8, docket no. 9.

      Plaintiff's motions for leave to proceed in forma pauperis, docket no. 8 and docket no. 9, are granted, but the specific request for Marshal's service of the complaint is denied as moot because service of the complaint has been accepted and a response filed. Plaintiff's motion for a jury trial, docket no. 4, is denied because the plaintiff's ADA claims are equitable in nature. Plaintiff's motion for a default judgment, docket no. 5, is denied as meritless because the defendant had already filed a timely response.

      Finally, defendant's motion to dismiss, docket no. 2, should be granted.

Report

Plaintiff alleges that he is disabled and uses a wheelchair or crutches, and that the parking lot at municipal building housing the Central Tax Bureau does not have the required number of ADA compliant parking spaces. No further facts are alleged. Plaintiff cites 42 U.S.C.§§ 1983 and 1985, but it appears that he intends to bring either a Title II or Title III ADA claim.

As with other complaints filed by plaintiff, it is not clear whether plaintiff intends to state claims under Section 1983 and Section 1985 of Title 42 in addition to a claim under the ADA, because all he does is refer to those sections, but if he does intend to state claims under those sections, they should be dismissed. The Supreme Court has made it clear that where a federal statute provides its own comprehensive enforcement scheme, Congress intended to foreclose a right of action under Section 1983. See Middlesex County Sewerage Authority v. National Sea Clammers Ass'n, 453 U.S. 1, 20-21 (1981). Since the ADA specifically sets forth what remedies are available in Title II and Title III actions, it would contravene the statute's plain intent to render those sections meaningless by judicially tacking on the remedies available under Section 1983. As for a claim under Section 1985, plaintiff does not allege any conspiracy to deprive him of his civil rights.

Since plaintiff makes no allegations about the status of the defendant Central Tax Bureau, it is not clear whether this is a Title II (public entity) claim or a Title III (public accommodation) claim. To state a legal claim in either case, a plaintiff must show

that he has suffered some concrete and particularized injury, see Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992), separate and apart from the state of the world in general. For instance, under Title III of the ADA, a legal injury is "a real and immediate threat that a particular (illegal) barrier will cause future harm." Disabled Americans For Equal Access, Inc. v. Ferries Del Caribe, Inc., 405 F.3d 60, 64 (1st Cir.2005), quoting Dudley v. Hannaford Bros. Co., 333 F.3d 299, 305 (1st Cir.2003). Under Title II, a legal injury is being excluded from participation in or being denied the benefits of a public entity's services, programs or activities, or being otherwise discriminated against by the public entity. Weinreich v. Los Angeles County Metropolitan Transp. Authority, 114 F.3d 976, 978 (9th Cir.1997).

Plaintiff does not allege that he will suffer harm from the state of the parking lot at 1610 Bedford Street, nor does he allege that he ever suffered harm there. Simply alleging his disability and defendant's deficiency in complying with the ADA is not enough to confer standing. To illustrate, if the ADA hypothetically required defendant to have four handicap parking spots and defendant provided only three, plaintiff can suffer no legal injury and has no standing to challenge the lack of the fourth spot unless the first, second, or third spots were already occupied (by other disabled persons properly using the spots) on a particular occasion, and the lack of a fourth spot deterred him in fact from using some service or attending some program at defendant's building. For a Title III claim, plaintiff must additionally allege

the reasonable likelihood that this will happen in the future. Plaintiff makes no such allegations. The complaint must be dismissed.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: 21 July 2005

Keith A. Pesto,
United States Magistrate Judge

cc:
Leslie Paul Howarth, Ph.D.
211 Bentwood Avenue
Johnstown, PA 15904-1333

Andrew Davis Gleason, Esquire
206 Main Street
Johnstown, PA 15901-1682